UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Dat Hoang,

          Plaintiff,

vs.   REPORT AND RECOMMENDATION

Central Intelligence Agency, and
Department of Navy,

          Defendants.   Civ. No. 05-2465 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff Dat Hoang for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II.  Factual and Procedural Background

The Plaintiff alleges that his father, who apparently was a citizen of South Vietnam, worked for the United States Government during the Vietnam War. In 1972, the Plaintiff's father "disappeared" and "was reported killed." Although the Plaintiff apparently has not seen his father since that time, he believes that his father is still alive.

The Plaintiff has filed several letters and documents with his current Complaint, which show that he has contacted various Federal agencies and officials during recent years, in an effort to learn more about his father's relationship with the United States Government, and whether his father might still be alive. Apparently, the Plaintiff has not been satisfied with the Government's responses to his inquiries about his father, so he filed this lawsuit.

The Plaintiff is now trying to sue two Agencies of the Federal Government -- the Central Intelligence Agency ("CIA"), and the Department of Navy ( "Navy"). The Complaint does not mention any legal principle, or theory, on which the Plaintiff's action is based, nor does the Complaint describe any specific injury for which the Plaintiff might be entitled to relief. Nevertheless, he claims that, because his father

worked for the CIA and/or the Navy, his "family deserve[s] to come to [the] United States to live," and is entitled to "compensation of eight hundreds [sic] thousand dollars."

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief can be granted, or seeks relief against a party who is legally immune from the plaintiff's claim. Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of an indulgent construction, the Plaintiff's pleading is deficient, because: 1) it fails to state a legally cognizable cause of action, and 2) the named Defendants are immune from the Plaintiff's claims under the doctrine of sovereign immunity.

As noted, the Complaint does not mention any specific legal theory or principle on which the Plaintiff's claims against the Defendants are predicated. Furthermore, the Court has been unable to discern, independently, any lawful basis for the Plaintiff's lawsuit, as his claims against the CIA, and the Navy, do not appear to be grounded on any statute, case law, or established legal doctrine. In short, the Plaintiff is not legally entitled to a Judgment against the Defendants as to the remedy that he is seeking,

based on the facts that he has alleged.  Therefore, his Complaint fails to state a cause of action on which relief can be granted.

In addition, the Plaintiff's Complaint is fatally defective because both of the named Defendants are Agencies of the United States Government, which are immune from suit under the doctrine of sovereign immunity.  <u>Manypenny v. United States</u>, 948 F.2d 1057, 1063 (8th Cir. 1991); see also, <u>Laswell v. Brown</u>, 683 F.2d 261, 268 (8th Cir. 1982)("The United States and its agencies are not proper defendants because of sovereign immunity."), cert. denied, 459 U.S. 1210 (1983).  Under the doctrine of sovereign immunity, the United States and its Agencies can be sued only if, and to the extent that, the protections of sovereign immunity have been formally waived.  <u>Manypenny v. United States</u>, supra at 1063.  Moreover, any such waiver of immunity must be "expressed unequivocally" by Congress.  <u>Id</u>.

The Plaintiff has not alleged that the Federal Government has waived its immunity as to whatever legal claims that he is attempting to assert in this action.  He has not cited, nor is the Court independently aware of, any express Congressional authorization for a suit such as this one.  Therefore, the Plaintiff's present action is barred by the doctrine of sovereign immunity.

Therefore, we conclude that the Plaintiff's Complaint must be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), as it fails to state any claim on which relief can be granted, and accordingly, we recommend that the Plaintiff's IFP application be denied as moot, and that his Complaint be summarily dismissed.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

Dated: November 3, 2005            s/Raymond L. Erickson

                                   Raymond L. Erickson
                                   CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November**

**21, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 21, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.