UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dat Hoang, m and family in Vietnam, | Civil File No. 05-2465 (PAM/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Central Intelligence Agency and Department of Navy, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of Chief United States Magistrate Judge Raymond L. Erickson, dated November 3, 2005. The R&R recommended that the Court deny Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP") and that the Court summarily dismiss the Complaint. Plaintiff filed Objections to the R&R on November 18, 2005.

**BACKGROUND**

Plaintiff states in his Complaint that his father was a South Vietnamese officer who worked for the CIA and as a Navy SEAL during the Vietnam War. In 1972, Plaintiff's father allegedly disappeared and was reported killed. Plaintiff does not believe that his father was killed; he believes that his father underwent further intelligence training. Plaintiff contends that his family in Vietnam deserves to live in the United States because of his father's military background. Plaintiff further requests compensation in the amount of $800,000.00. Plaintiff attached several documents to his Complaint, showing he contacted various federal agencies and officials to learn about his father's relationship with the United States Government and

whether his father is still alive.  Plaintiff has named two federal agencies as Defendants: the Central Intelligence Agency ("CIA") and the Department of Navy ("Navy").

In the R&R, the Chief Magistrate Judge found that the Complaint does not mention any legal principle or theory under which Plaintiff could recover, nor does the Complaint describe any particular injury to Plaintiff.  Thus, the Chief Magistrate Judge recommended denial of the IFP application and dismissal of the action because Plaintiff failed to state a claim upon which relief could be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  The Chief Magistrate Judge alternatively recommended dismissal because the named Defendants are immune from suit.  See id. § 1915(e)(2)(B)(iii).  Plaintiff's Objections to the R&R essentially restated the allegations in his Complaint.

**DISCUSSION**

The Court has conducted a de novo review of the record.  See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).  Based on the record and Plaintiff's Objections, the Court adopts the R&R and dismisses this action without prejudice.

Plaintiff has failed to state a claim upon which relief can be granted.  The Court cannot discern any statute, case law, or legal doctrine upon which Plaintiff has based his lawsuit.  Thus, the case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).  Moreover, the named Defendants are agencies of the federal government, which are generally immune from suit.  See Loeffler v. Frank, 486 U.S. 549, 554 (1988); Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991).  Plaintiff has cited no authority that the United States has waived sovereign immunity with respect to the claims he attempts to assert.  Thus, the case is barred by the

doctrine of sovereign immunity and is alternatively dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). Because Plaintiff's Complaint is summarily dismissed under § 1915(e)(2)(B)(ii) and (iii), his IFP application is denied as moot.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R of November 3, 2005 (Clerk Doc. No. 3) is **ADOPTED**;

2. Plaintiff's Application to Proceed IFP (Clerk Doc. No. 2) is **DENIED AS MOOT**; and

3. This action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 29, 2005

                                                                                 s/ Paul Magnuson
                                                                                 Paul A. Magnuson
                                                                                 United States District Court Judge